# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUNE BLUE, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 08-CV-439-JHP-PJC |
| | ) |
| UNIVERSAL UNDERWRITERS LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Now before the Court is the defendant, Universal Underwriters Life Insurance Company's ("Universal"), Motion to Dismiss and/or Motion for Summary Judgment, the plaintiff's, June Blue's ("Blue"), Response and Universal's Reply to said motion. This action arises out of a claim for insurance proceeds which Universal's insured, Blue, made after seeking credit life and disability coverage from Defendant in conjunction with her purchase of a vehicle.

Blue signed an Application for Insurance on January 2, 2002, seeking credit life and disability coverage when she purchased a vehicle. On or about May 7, 2003, Plaintiff filed a claim under the disability portion of the Certificate due to a foot condition. On December 31, 2003, Defendant sent Plaintiff a letter declining her claim for misstatement of health and rescinded her Certificate. Following recision of the Certificate Defendant returned the premium to Mitsubishi Motors Credit. Universal argues in the instant motion that Blue's claims are barred by the statute of limitations. Blue contends Universal's fraudulent conduct tolls any

applicable statute of limitations. Plaintiff did not file her Complaint for Breach of the Implied Duty of Good Faith and Fair Dealing, and Breach of Contract until June 26, 2008.

Plaintiff sets forth a slightly different version of the facts.[1]  Generally, Plaintiff agrees she did not file her Complaint within the applicable statute of limitations for a bad faith cause of action, but argues this was because she was unable to discover Defendant's wrongful conduct within the two year time-frame.  Further, Plaintiff contends her breach of contract action survives because she never agreed to the terms and conditions contained in Universal's contract which purport to limit the statute of limitations from five years to three years.

**DISCUSSION**

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).* An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. <u>Id</u>. at 249.

In considering a motion for summary judgment, this court must examine the factual

---

[1] Plaintiff asserts she is entitled to additional discovery prior to "summary adjudication." (Plaintiff's Response at 13).  However, the Court finds this request is not properly supported with a Fed.R.Civ.P. 56(f) affidavit.  *See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521-22 (10th Cir. 1992)("In this circuit, counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver.")*

record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Mickelson v. New York Life Ins. Co., 460 F.3d 1304, 1310 (10th Cir. 2006).* Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).* In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex* Corp. v. Catrett, *477 U.S. 317,323-24 (1986).* The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007).*

Both parties agree the applicable statute of limitations for a bad faith cause of action is two years. The Court finds this is a correct interpretation of Oklahoma law. *See Okla. Stat. tit. 12, §95; Wagnon v. State Farm Fire and Casualty Co., 951 P.2d 641 (Okla. 1998); Gray v. Holman, 909 P.2d 776 (Okla. 1995)(2-year statute of limitations on bad faith claim); Burwell v. Mid-Century Ins. Co., 142 P.3d 1005, 1008 (Okla. Civ. App. 2006).* Plaintiff's bad faith cause of action arose on December 31, 2003, when her claim was denied. Plaintiff did not file the instant case until June 26, 2008 ---- more than two years after the event. Therefore, Plaintiff's bad faith claim fails as a matter of law because it is outside the statutory limitations period.

Plaintiff's argument that the statutory time period is tolled due to the "misleading nature of Universal's correspondence of 12/31/03 ..." (Plaintiff's Response at 13) is without merit. "Oklahoma courts apply the so-called "discovery rule" to determine when the two-year statute of limitations accrues." *Erikson v. Farmers Group, Inc., 2005 WL 2651312 (C.A. 10 (Okla. 2005))*

*citing Smith v. Baptist Found. of Okla.,* 50 P.3d 1132, 1137 (2002). The discovery rule provides that "the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury." *The Samuel Roberts Noble Found., Inc. v. Vick,* 840 P.2d 619, 624 (Okla. 1992). Even under the discovery rule, however, a plaintiff is required to pursue claims with diligence. *Daugherty v. Farmers Coop. Ass'n,* 689 P.2d 947, 951 (Okla. 1984).

The statute of limitations is not tolled simply because a plaintiff "negligently refrain[s] from prosecuting inquiries plainly suggested by the facts." *Id.* Accordingly, a plaintiff is charged with having knowledge of those facts which ought to have been discoverable in the exercise of reasonable diligence. *Id.* Basically, Plaintiff argues she could not have known Universal's conduct amounted to a legal cause of action and therefore the statute of limitations is tolled. "The discovery rule, as interpreted by the Oklahoma Supreme Court and [the Tenth Circuit Court of Appeals], tolls the limitation period only until a plaintiff learns of an injury and, through prudent investigation, can obtain sufficient facts to state a cause of action." *Erikson v. Farmers Group, Inc.,* 2005 WL 2651312 at *4. "It is irrelevant whether the plaintiff understood that the defendant's actions constituted a [legal cause of action] as long as the plaintiff knew of the facts which could give rise to such a claim." *Chasteen v. UNISIA JECS Corp.,* 216 F.3d 1212, 1217 (10th Cir. 2000).

In the instant case, Plaintiff was aware of the facts which could have given rise to a claim on December 31, 2003. It is irrelevant she did not realize such conduct may have supported a bad faith claim. Plaintiff's cause of action for bad faith is therefore barred as a matter of law.

Universal also seeks summary judgment in regard to Blue's breach of contract claim based on the policy provision limiting the statute of limitations from five years to three years. In

support of its abbreviated statute of limitations, Universal cites *Okla. Stat. tit. 36, § 3617* which provides that an appropriate policy provision may shorten the time within which an action may be brought as a condition to the policy. The Court finds, however, there is a discrepancy between exhibits offered by Universal in support of its Motion for Summary Judgment. Universal's Exhibit "1" is the "Home Office Copy" of the insurance contract and Exhibit "5", is labeled as a "Sample Certificate" or "Borrowers Copy." The "Home Office Copy," which was signed by Blue, does not appear to contain the three year limitations period that Universal seeks to impose. However, even assuming Plaintiff signed a copy of the contract containing the three year limitation, it is not enforceable under the facts of this case. It is well established that "insurance contracts are contracts of adhesion because of the uneven bargaining position of the parties." *Max True Plastering Co. v. USF&G Company, 912 P.2d 861, 864 (Okla. 1996).* As such, a policy of insurance is to be strictly construed against the insurer and in favor of the insured. *Spears v. Shelter Mutual Ins. Co., 73 P.3d 865, 868 (Okla. 2003).* In *Max True Plastering*, the Oklahoma Supreme Court adopted the "doctrine of reasonable expectations" and made clear that "if an insured desires to limit its liability under a policy, it must employ language that clearly and distinctly reveals its stated purpose." *Id*. The doctrine of reasonable expectations is applied by Oklahoma courts to discern the intention of the parties "when the policy language is ambiguous, or when the exclusion is masked by technical or obscure language" or "hidden in the policy provisions." *Id*.

The Court finds the language attempting to reduce the limitations period was both obscure and hidden in the policy language. It is undisputed that the language attempting to reduce the limitations period was contained on the back of the Sample Copy / Borrowers Copy

of the pre-printed Application for Insurance. Additionally, Defendant's Exhibit 5, page 4001, reveals a densely packed page of 21 paragraphs in small print with 12 subheadings. The last sentence, in the same size font, within the sixth subheading "Rules for Filing a Disability Claim," states: "You can't start any legal action more than three years after the proof is filed." Further, the positioning of this language under the subheading "Rules for Filing a Disability Claim," would not necessarily alert Plaintiff she was barred from "any legal action" as opposed to on a "disability claim." Unlike the exclusions for **Suicide** and **Misstated Age**, which are capitalized and underlined under a subheading of "What we won't pay" on that same page, the key phrase at issue is not capitalized, underlined, positioned in a place, nor printed in a form which would attract the reader's attention.

Therefore, the Court finds the language of the policy Universal attempts to impose on Plaintiff to bar her breach of contract claim does not clearly and distinctly reveal Universal's stated purpose as mandated in *Spears* and *Max True Plaster*. The limiting language is obscure and is difficult to find. Accordingly, pursuant to the reasonable expectations doctrine, Plaintiff is not precluded from asserting her breach of contract claim.

Accordingly, Defendant's Motion for Summary Judgment is granted in regard to Plaintiff's bad faith cause of action and denied in regard to Plaintiff's breach of contract cause of action.

IT IS SO ORDERED this 18th day of March, 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma